ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | CASE NO.    5:13CR390 |
| Plaintiff,    ) | |
| ) | |
| v.    ) | |
| ) | Judge John R. Adams |
| BRIAN MECK,    ) | |
| ) | SENTENCING MEMORANDUM |
| Defendant.    ) | |
| ) | |

**I.  Introduction**

Defendant Brian Meck appeared before the Court for sentencing on March 6, 2014. During that hearing, the Court sentenced Meck to 262 months on Count 1 and to 240 months on Count 2 to be served concurrently.  The Court also indicated that it would elaborate on its oral findings in a subsequent memorandum.  The Court now issues its memorandum.

Meck was indicted for sexual exploitation of a child (Count 1), receipt and distribution of child pornography (Count 2), and possession of child pornography (Count 3).  The indictment arose when a case agent executed a search warrant on an individual in Tiffin, Ohio – a warrant that was generated through an investigation of a peer-to-peer file sharing website by the New York FBI office.  That investigation revealed images of child pornography on a seized computer.  At that time, the subject of the search indicated that he was aware of a man named Brian who was producing child pornography and who lived in Ravenna, Ohio.  Further review of the initial suspect's computer revealed the username btm21266 as a "buddy" on the account of the suspect and revealed seven images titled "Brian and baby."  The presentence report in this matter

described five of those images as follows:

> An image that depicts an adult male, identified as Brian Meck, kissing his infant son and placing his penis in the mouth of his infant son, who was in both a lying and sitting positions (4 images). An image of an adult male pulling down the onesie from his infant son, causing his penis to be exposed. It appeared all the images were taken at the same location and involved only the defendant and his infant son.

Agents continued to investigate, ultimately securing a search warrant for Meck's home. During the search, Meck admitted that he produced photographs of his infant while he placed his penis in his infant's mouth. Meck also admitted to possessing numerous other photos of child pornography and admitted to distributing the images through a messenger service. The images seized contain images and files of prepubescent children being penetrated vaginally, anally, or orally and depict sadistic and masochistic forms of violence. Further, Meck was found to be in possession of 20 to 30 movie files containing child pornography.

The presentence report went on to review the recommended sentencing guideline range and concluded that the proper range was 262 to 327 months. In contrast, the parties had calculated a guideline range of 210 to 262 months in their plea agreement. During the Court's initial hearing in this matter, the parties could identify no legal error in the calculation contained in the presentence report. However, the Court subsequently informed the parties that out of a sense of fairness to Meck who negotiated his plea agreement in good faith, the Court would utilize the parties' guideline range as a starting point for determining its sentence.

**II. § 3553(a) Factors**

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in exercising its judgment to determine an appropriate sentence and must offer a reasoned explanation for the sentence.

In reaching its conclusion, the Court considered the nature and circumstances of the offense and the history and characteristics of the defendant.  The Court must also review the need for the sentence imposed: a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; b) to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant; and c) to provide the defendant with needed educational or vocational training, medical care, and/or other correctional treatment in the most effective manner.

It is difficult, if not impossible, to calculate the harm caused by Meck in this matter.  Regardless of the label utilized, Meck performed horrific acts on his own infant son and memorialized those events with photographs.  Meck then sent those photographs out into the ether of the internet where they can never be fully removed from an ever-growing catalog of child pornography.

However, it is not simply Meck's heinous conduct above that warrants a sentence of 262 months.  The Court has also reviewed the transcripts of Meck's chat sessions with Joseph Reino, who now has an information pending before another member of this Court.[1]  In those chats, Reino prompts Meck to send him pictures of the infant:  "So u never sent me any pictures of ur baby. what kind of new father are u?"  An all-too-willing Meck responded:  "ill take some cock pics of him tonight."  Reino then responded:  "like put ur cock on his so I see the cock that made him."  Meck in turn replied:  "mmm thats fucking hot."

At a later time, the two are discussing watching a child pornography video and engage in

---

[1] Reino was charged with receipt and distribution of child pornography through a one-count information.  See Case No. 3:14CR50.  He has pled guilty and is scheduled to be sentenced on September 15, 2014.

the following:

  Meck: mm yeah cry little bitch
  Reino: fuck yea
  Reino: the dirty lil slut deserves it
  Meck: fuck yeag.  omggggg. mmmmmm.
  Reino: u going to do that to [your infant son]?
  Meck: mmmm yes

In yet another exchange, the most disturbing:

  Meck: you ever have like brutal/killing sexual fantisies?
  Meck: nto anything that youd really do. just fantisies
  Reino: yes
  Meck: me too
  Reino: like rape
  Meck: yes
  Reino: like fucking a baby to death
  Meck: ive had so many day dreams/horny thoughts of killing and fucking babies
  Meck: yes!!!
  Meck: swinging their body against a wall
  Meck: we are sooo fucked!
  Reino: yes!   While ur cock is still inside
  Meck: hell yea
  Meck: stabbing it and fucking the holes
  Reino: u get it from the ass and ill get it from the throat
  Meck: mmmm meet in the middle?
  Meck: try to rip through

As the record stands, Meck is an individual that used his infant son to create and distribute child pornography. Additionally, he has admittedly had fantasies about raping and murdering other infant children.

  When fashioning a sentence in this matter, the Court was mindful of Meck's assertions that the latter chat messages were mere fantasies and his attempts to build rapport with Reino. At the same time, however, it is undeniable that Meck willingly acted on other, prior requests made by Reino and as a result violated his own infant son. As such, the chat transcripts, at a minimum,

raise significant concerns about Meck and his risk to society.

The Court also reviewed the reports submitted by Meck from the Center for Marital and Sexual Health.  The Court is not convinced that Meck's online discussions served no other purpose than to arouse himself and his chatting partner.  If that were true, then one could not explain why he took the further steps to produce and disseminate child pornography.   Instead, that fact suggests that Meck was one who very much **acted** on the statements he made to Reino.

In any event, Meck's actual conduct in this matter – not his fantasies – is what warrants a sentence of 262 months in this matter.  As the Court noted in open court, a proper guideline calculation would place Meck in a range of 262-327 months.  However, the Court agreed to utilize a lower range, 210-262 months, to account for an error in the parties' plea agreement. Upon initial consideration, the Court was inclined to vary up in this matter given the heinous nature of the offense.   However, the Court has also taken into consideration that Meck is 25 years old and has no criminal history.   This lack of history and Meck's acceptance of responsibility are at least suggestive that he is amenable to rehabilitation.

Considering the nature of the offense, the need for both specific and general deterrence, and all the factors discussed by the Court during Meck's two sentencing hearings, the Court finds that an aggregate sentence of 262 months is sufficient but not greater than necessary to achieve the purposes and goals of sentencing.   The remaining terms of Meck's sentence have been set forth in the Court's judgment of conviction.

       IT IS SO ORDERED.

  April 21, 2014                    _/s/John R. Adams_
Date                               JOHN R. ADAMS
                                   UNITED STATES DISTRICT JUDGE